IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| **LUPTON CHAD WOODSON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No.: 3:11-cv-00421** |
| **BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP and FEDERAL NATIONAL MORTGAGE ASSOCIATION,** | § § § § | |
| | § | |
| **Defendants.** | § | |

### JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the court's Order of June 2, 2011 (Docket #11) Requiring Scheduling Conference and Report for Contents of Scheduling Order, Plaintiff Lupton Chad Woodson (collectively "Plaintiff") and Defendant Bank of America, N.A., BAC Home Loans Servicing, LP, and Federal National Mortgage Association ("Defendants"), having conferred, file the following joint report:

**1.     A brief statement of the claims and defenses.**

Plaintiff contends he submitted a loan modification and was told no foreclosure would occur while the application was reviewed. Plaintiff contends BAC delayed and misled him to the point of foreclosure. Plaintiff further contends BAC has waived its right to accelerate and foreclose and is estopped. Plaintiff further alleges BAC failed to provide notice of the acceleration and notice of the foreclosure sale.

Defendants deny Plaintiff's allegations. Defendants deny that they waived the right to accelerate the loan and sell the Property at a foreclosure sale where, as here, Plaintiff is in default. Plaintiff's arguments amount to nothing more than an attempt to enforce alleged promises made orally and without consideration that modify the terms of the contract. As such, they are unenforceable. Defendants further deny they failed to serve Plaintiff with notice of acceleration or notice of sale.

**2.     A proposed time limit to file motions for leave to join other parties.**

The parties propose a August 15, 2011 deadline to file motions for leave to join other parties.

**3.     A proposed time limit to amend the pleadings.**

The parties propose a September 16, 2011 deadline to file motions to amend pleadings, after which date pleadings shall be closed.

**4.     Proposed time limits to file various types of motions, including dispositive motions**

The parties propose a March 29, 2012 deadline for filing all other motions, including dispositive motions.

**5.     A proposed time limit for initial designation of experts.**

The parties propose a October 31, 2011 deadline for Plaintiff to designate testifying experts; and a November 30, 2011 deadline for Defendants to designate testifying experts.

**6.     A proposed time limit for responsive designation of experts.**

The parties propose a December 30, 2011 deadline for any party to designate a responsive or rebuttal expert.

**7.     A proposed time limit for objections to experts.**

The parties propose a December 30, 2011 deadline to object to an expert, or if the objection is to a rebuttal expert, a January 30, 2012 deadline.

**8.     A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Discovery will be needed as to matters relevant to the loan modification application, and the promises alleged by Plaintiff attendant thereto, and the foreclosure sale. The parties anticipate discovery will be completed by February 28, 2012. The parties do not anticipate needing to conduct discovery in phases.

**9.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties believe changes should not be made in the limitations on discovery under either Federal or Local Rules.

**10.     Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

    None.

**11.     Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

    At this time, the parties do not anticipate needing to resolve issues of privilege or work-product.

**12.     A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

    The parties propose a June 25, 2012 trial date, reserving two days for trial.

**13.     A proposed date for further settlement negotiations.**

    The parties agree to discuss settlement by October 10, 2011.

**14.     Objections to Fed. R. Civ. P. 26 (a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26 (a)(1) were made or will be made.**

    The parties agree to exchange the initial Rule 26(a) disclosures by July 29, 2011.

**15.     Whether parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Stickney**

    At this time, the parties do not consent at this time to a jury trial before U.S. Magistrate Judge Stickney.

**16.     Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

    The parties believe mediation before a mutually agreeable mediator is the best prospect for settlement and believe it would be most effective by December 9, 2011.  The parties will propose a mediator within the next forty-five (45) days.

**17.     Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

    None.

**18.    Whether a conference with the Court is desired.**

The parties do not desire a conference with the Court.

**19.    Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

This report was prepared jointly by J.B. Peacock, Jr. counsel for Plaintiff, and Elizabeth A. Mazzarella and Michael J. McKleroy, Jr., counsel for Defendants. In addition to the contents described above, counsel for the parties also discussed settlement and will continue to discuss settlement.

Date: July 6, 2011

Respectfully submitted,

      */s/  Cindy Shanklin*
J.B. Peacock, Jr.
State Bar No. 15678500
D.G. Gagnon
State Bar No. 00798423
Cynthia K. Shanklin
State Bar No. 24004914
Gagnon, Peacock, Shanklin & Vereeke, P.C.
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205

**ATTORNEYS FOR PLAINTIFFS**

      */s/  Elizabeth A. Mazzarella*
C. Charles Townsend, SBN:  24028053
Michael McKleroy, Jr., SBN: 24000095
Elizabeth A. Mazzarella, SBN: 24069320
AKERMAN SENTERFITT, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANTS
BAC HOME LOANS SERVICING, LP
and FEDERAL NATIONAL
MORTGAGE ASSOCIATION**